UNITED STATES of America

v.

Kelly David ANKENY, Sr., Defendant.

No. CR 04–05–MO.

United States District Court,
D. Oregon.

March 3, 2005.

Stephen R. Sady, Office of the Federal Public Defender, Portland, OR, for Defendant.

Thomas H. Edmonds, United States Attorney's Office, Portland, OR, for Plaintiff.

## OPINION AND ORDER

MOSMAN, District Judge.

### STATEMENT OF REASONS

Defendant Kelly David Ankeny, Sr. was charged by indictment with four counts of felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1); a count of unlawful possession of an unregistered short-barrelled shotgun, in violation of Title 26, United States Code, Section 5861(d); and a count of criminal forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Defendant moves this court to suppress evidence seized from his house on November 20, 2003. The court conducted an evidentiary hearing on December 13 and 21, 2004. For the reasons that follow, the court DENIES defendant's motion to suppress evidence.

### APPLICABLE LAW

The Fourth Amendment guards "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Reasonableness is evaluated by considering the totality of the circumstances. *Ohio v. Robinette,* 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996).

The principle that officers should knock and announce before entry is one focus of the reasonableness inquiry, *United States v. Banks,* 540 U.S. 31, 36, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003), such that "in some circumstances an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment." *Wilson v. Arkansas,* 514 U.S. 927, 934, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). This principle is codified in the federal knock and announce statute, which provides that:

The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

18 U.S.C. § 3109. The amount of time officers must wait before entering to comply with the principle is reviewed on a case-by-case basis; where drug evidence was suspected and officers waited 15–20 seconds before forcing entry, the Supreme Court recently held "this call is a close one ... we think that after 15 or 20 seconds without a response, police could fairly suspect that cocaine would be gone if they were reticent any longer." *Banks,* 540 U.S. at 38, 124 S.Ct. 521.

Although Section 3109 only governs searches conducted by federal officers, the analysis is similar for searches conducted by state officers because Section 3109 "is the federal codification of the common-law knock and announce principle." *United States v. Combs*, 394 F.3d 739, 742 n. 1 (9th Cir.2005).

 The knock and announce obligation ceases when officers "have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or ... would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Richards v. Wisconsin*, 520 U.S. 385, 394, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997). Factors to consider in determining whether exigencies render an entry reasonable despite failure to comply with the knock and announce obligation include, but are not limited to, officer safety, time of day, destructibility of evidence, the size of the residence, and the nature of the offense. *Combs*, 394 F.3d at 744 (internal citations omitted).

In general, evidence obtained in violation of the Constitution is suppressed under the exclusionary rule. *United States v. Ramirez–Sandoval*, 872 F.2d 1392, 1395 (9th Cir.1989). The rule applies both to direct evidence and evidence that was indirectly derived from (or is the "fruit" of) unconstitutional conduct. *Id.*

 The "inevitable discovery" exception to the exclusionary rule permits admission of illegally obtained evidence if "the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means." *Nix v. Williams*, 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). In other words, "the fact or likelihood that makes the discovery inevitable [must] arise from

circumstances other than those disclosed by the illegal search itself." *United States v. Boatwright*, 822 F.2d 862, 864 (9th Cir.1987). "The government can meet its burden by establishing that, by following routine procedures, the police would inevitably have uncovered the evidence." *Ramirez–Sandoval*, 872 F.2d at 1399. In this situation, deterrence has little basis and the nexus between the illegal conduct and the evidence is not "sufficient to provide a taint." *Nix*, 467 U.S. at 444, 448, 104 S.Ct. 2501.

## ANALYSIS

Defendant argues that the evidence should be suppressed based on the unreasonable execution of the search warrant.

### 1. *Knock and announce*

Defendant argues that the failure of the officers to follow their knock and announce obligation, alone, renders the search unreasonable. He alleges that the officers did not wait any amount of time between announcing their presence and forcing entry. Further, he argues that exigent circumstances were not present, due to the lack of any emergency or threats and the generalized nature of the concerns. The government argues that exigent circumstances were present, based on defendant's criminal history, including both violent crime and methamphetamine use, and previous threatening statements.

 I find that the federal knock and announce statute does not apply here because the search was a state search, not driven or directed by federal actors. The analogous federal constitutional requirement still applies. Here, while there was nominally a knock and announce before entry, the best evidence is that there was only a couple of seconds between the knock and the entry. I find this so brief in time to be virtually the equivalent to a no-

knock entry. I also find that on this record, there were sufficient exigent circumstances to justify a no-knock entry. For example, defendant had a record of both violent and nonviolent charges, including assault, felon in possession of weapon, and controlled substance offenses; a witness stated that defendant might flee or shoot at police if confronted; and a witness stated that defendant's prison associate was living in the house.

### 2. Overall manner of execution of the warrant

Defendant also argues that the evidence should be suppressed based on the unreasonable manner of execution of the search warrant, separate and distinct from the knock and announce issue. He focuses on the use of flash-bang devices, noting their violent nature, the known presence of others (including a baby), and the fact that officers directed the device in the vicinity of defendant, who was hospitalized with burns. Defendant also relies upon the use of an armored car to ram a car and fence, the use of rubber bullets to break windows, and forceful officer behavior during the search.

The government responds that suppression is not appropriate because there was no causal connection between the deployment of force and the seizure of the evidence. Alternatively, the government argues that the execution of the search was reasonable considering the threat and danger faced by the officers.

This court has two questions to resolve: (1) whether the overall manner of execution of the warrant, separate from the knock and announce issue, violated the Constitution; and (2) if so, whether that violation should result in suppression. I will address the second question first, because if a constitutional violation would not result in suppression, it is not necessary to reach the first.

Under the Ninth Circuit's test, discovery of the evidence in defendant's house was inevitable. As noted, "[t]he government can meet its burden by establishing that, by following routine procedures, the police would inevitably have uncovered the evidence." *Ramirez–Sandoval*, 872 F.2d at 1399. Here, the police had a warrant, so they would have discovered the evidence in the house following routine procedures. Any excess force used does not change that. While there is some analytical inconsistency in the application of the inevitable discovery doctrine to cases regarding violations of knock and announce versus forceful execution of warrants, I find that it is appropriate to apply the inevitable discovery doctrine here.

■ On one hand, the Supreme Court and the Ninth Circuit have ruled that knock and announce violations can result in suppression. *Sabbath v. United States*, 391 U.S. 585, 586, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968), *Miller v. United States*, 357 U.S. 301, 313–14, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958), *United States v. Banks*, 282 F.3d 699, 703 (9th Cir.2002), *rev'd on other grounds*, 540 U.S. 31, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003), *United States v. Granville*, 222 F.3d 1214, 1220 (9th Cir.2000), *United States v. Becker*, 23 F.3d 1537, 1542 (9th Cir.1994). Most of these cases do not discuss causation or the inevitable discovery doctrine (which postdates the Supreme Court's decision in *Miller*). The Sixth Circuit expressly rejected the application of the inevitable discovery doctrine to knock and announce violations because it would "gut the constitution's regulation of *how* officers execute such warrants." *United States v. Dice*, 200 F.3d 978, 986 (6th Cir.2000) (emphasis in original).

In contrast, the Seventh Circuit has held that suppression is inappropriate for both knock and announce violations and viola-

tions regarding the manner of execution of a warrant. *United States v. Langford*, 314 F.3d 892 (7th Cir.2002), *United States v. Folks*, 236 F.3d 384 (7th Cir.2001), *United States v. Jones*, 214 F.3d 836 (7th Cir. 2000). In *Langford*, Judge Posner found the inevitable discovery doctrine fully applicable to violations of the knock and announce rule, holding that "violation of the rule does not authorize exclusion of evidence seized pursuant to the ensuing search." 314 F.3d at 894. The court reasoned that since the police had a warrant, they would have discovered the evidence even had they complied with the knock and announce rule. *Id.* at 895. The court noted that the prospect of tort damages would still deter knock and announce violations. *Id.* at 894–5. In *Folks*, the defendant moved to suppress based on the unreasonableness of a forced entry and use of a flash-bang device. The court concluded that the "police would certainly have discovered the evidence . . . even without the use of a flash-bang device—they did, after all, have a valid search warrant . . ." *Folks*, 236 F.3d at 388. *Jones* similarly held that the causation principle and the inevitable discovery doctrine prevented suppression in another case where police with a warrant used a flash-bang device. 214 F.3d at 838. The court rationalized that the argument that discovery was not inevitable (because the defendants may have had time to hide the contraband) was "not a good reason to suppress probative evidence of crime." *Id.*

■ I am persuaded by the reasoning of the *Jones* and *Langford* opinions that for general objections to the manner of executing a search, suppression requires a causal link between those complained-of behaviors and the seizure of the evidence. Such a causal link is not present here, where the police had a warrant and the challenged behavior has to do with excessive force, such as use of the flash-bang device. There is no causal link between

the overall manner in executing the warrant and finding the evidence to justify suppression of that evidence.

The absence of any causal link is a sufficient reason to deny suppression here. But other factors, also relied on by Judge Panner, are present here. In most cases where the complaint is that the manner of executing a search warrant was unreasonable, the police may face significant tort liability. In this case, for example, separate from the physical harm to defendant, the police paid the property owner over $10,000 for damage to the house. The exposure to such liability will generally operate as a significant disincentive to unreasonable execution of warrants. In this sense, what we might call "unreasonable execution" cases are different, as a class, from many other cases where suppression has been held to be an appropriate remedy for constitutional violation.

■ Defendant also seeks suppression because he was not given a copy of the search warrant at the time of the search. As the testimony made clear, the flash-bang device seriously burned defendant, who was taken away in an ambulance while still suffering from painful injuries. In *United States v. Gantt*, 194 F.3d 987, 1004–05 (9th Cir.1999), the court did suppress evidence for a violation of F.R.Cr.P. 41(d). But it did so after noting (1) that exigent circumstances, not present in *Gantt*, can excuse compliance, and (2) that a violation of Rule 41(d) requires suppression only if there was a deliberate disregard of the Rule, or if defendant was prejudiced. *Id.* Here, exigent circumstances excused compliance, and there was no deliberate disregard of the rule.

Because I find that suppression is not warranted, regardless of the constitutionality of the warrant execution, I do not make any finding as to the constitutionali-

ty of the search. Therefore, I deny the motion to suppress.

## CONCLUSION

The court DENIES defendant's motion to suppress evidence.

IT IS SO ORDERED.